IN THE UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA

IN RE: )
 )
WILLIAM BENNETT CHINNIS, III and ) Case No. 18-03667
DARA STABLER CHINNIS, )
    Debtor. )

ORDER GRANTING MOTION TO AVOID LIENS

This matter came before the court on the motion (doc. 26) to avoid liens filed by debtor William Bennett Chinnis, III. For the reasons discussed below, the court grants the motion.

On May 29, 2018, PNC Bank, N.A. obtained a judgment against debtor William Chinnis, III in the amount of $1,398,104.97 from the circuit court of Mobile County, Alabama, case no. CV-2014-902877.00. PNC subsequently recorded its certificate judgment on June 20, 2018 as instrument no. 2018034278 at Book LR7649, Page 929 in the Probate Court of Mobile County, Alabama. PNC also obtained a charging order from the circuit court against the debtor's membership interest in Meat Boss, LLC pursuant to Alabama Code § 10A-5A-5.03.

The court has reviewed the schedules filed by the debtors and the affidavit supporting the motion and finds that there is no non-exempt interest in real or personal property to which a judicial lien could attach. The debtors have also specifically claimed the interest in Meat Boss, LLC as exempt. The debtors have already received a discharge.

Bankruptcy Code § 522(f)(1) provides that a debtor may avoid a "judicial lien" on property to the extent it impairs certain exemptions. Code § 101(36) in pertinent part defines a "judicial lien" as a "lien obtained by judgment . . . or other legal or equitable process or proceeding." "Bankruptcy courts have found that liens that arise by operation of law without judicial action are not 'judicial liens' for purposes of § 522(f)(1) because they are not obtained through the judicial process." *In re Washington*, 242 F.2d 1320, 1323 (11th Cir. 2001).

> Courts have described a judicial lien as 'an interest which encumbers a specific piece of property granted to a judgment creditor who was previously free to attach to any property of the debtor's to satisfy his interest but who *did not have an interest in a specific piece of property before occurrence of some judicial action*.'

*Id.* (citation omitted).

1

A lien created by recording a certificate of judgment, as PNC did here, is clearly a judicial lien that can be avoided under § 522(f)(1). The next question is whether a charging order against a debtor's interest in a limited liability company is a judicial lien which can be avoided.

Under Alabama law, obtaining a charging order is the exclusive method for a judgment creditor to obtain a lien on a debtor's interest in a limited liability company. The charging order must be obtained from a court, *i.e.*, through the judicial process. *See* Ala. Code § 10A-5A-5.03. A charging order also, as set out above, encumbers the LLC membership interest and was granted to a judgment creditor which was previously free to attach any property of the debtor's but did not have an interest in the LLC membership interest prior to the judicial action, *i.e.*, the charging order. Thus, the court finds that the charging order here is also a judicial lien that may be avoided under § 522(f)(1). *See also generally In re Guadie*, No. 17-00054, 2018 WL 1352677 (Bankr. D.C. Mar. 5, 2018).

Because the lien of PNC Bank, N.A. created by the recordation of a certificate of judgment on June 20, 2018 at Book LR7649, Page 929 in the Probate Court of Mobile County, Alabama ("the First Judicial Lien") impairs the exemptions to which the debtors are entitled, the First Judicial Lien is hereby avoided in its entirety pursuant to 11 U.S.C. § 522(f). The First Judicial Lien is hereby extinguished and shall not survive the bankruptcy nor affix to or remain enforceable against property of the debtors. Any proof of claim filed by the lienholder which claims secured status based upon the First Judicial Lien shall be treated as unsecured.

Additionally, because the charging order of PNC Bank, N.A. ("the Second Judicial Lien") obtained from the circuit court of Mobile County, Alabama in case no. CV-2014-902877.00 impairs the exemptions to which the debtors are entitled, the Second Judicial Lien is hereby avoided in its entirety pursuant to 11 U.S.C. § 522(f). Upon the filing of this order in the circuit court, the Second Judicial Lien is extinguished and shall not survive the bankruptcy nor affix to or remain enforceable against the debtor's interest in Meat Boss, LLC. Any proof of claim filed by the lienholder which claims secured status based upon the Second Judicial Lien shall be treated as unsecured.

Dated: January 18, 2019

_____
HENRY A. CALLAWAY
CHIEF U.S. BANKRUPTCY JUDGE